# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**KIM ALBECK,**                                 )
                                         )
                 Plaintiff,          )          Case No. 1:20-cv-07727
                                         )
vs.                                             )          Honorable Franklin U. Valderrama
                                         )
**PHH MORTGAGE CORPORATION,**                    )
                                         )
                 Defendant.          )

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO LIFT
THE STAY, CONFIRM ARBITRATION FINAL AWARD AND
ENTER JUDGMENT INCLUDING POST-AWARD, PRE-JUDGMENT
INTEREST [D.E. 51] AND RESPONSE IN OPPOSITION TO DEFENDANT'S
CROSS-MOTION TO VACATE ARBITRATION AWARD [D.E. 60]**

Plaintiff, Kim Albeck, submits this reply in support of her Motion to Lift the Stay, Confirm

Arbitration Final Award and Enter Judgment Including Post-Award, Prejudgment Interest [D.E.

51] and her response to Defendant's Cross-Motion to Vacate Arbitration Award [D.E. 60].

## INTRODUCTION

Defendant asks the Court to partially vacate[1] that portion of the Final Award that awarded

Plaintiff prevailing party attorney's fees. The sole argument advanced is that the Arbitrator

exceeded her powers. That argument fails because the arbitrability of attorney's fees was delegated

to the Arbitrator and she had plenary authority to determine the scope of her arbitral authority, the

dispute of this issue was actually submitted to the Arbitrator for determination, Defendant did not

---

[1] Subsequent to Plaintiff filing the motion to confirm the award and enter judgment [D.E. 51] and Defendant filing the motion to partially vacate the award [D.E. 60], the parties agreed to resolve the compensatory and punitive damages portion of the arbitrator's award. Pursuant to that agreement, Plaintiff amends its motion and does not seek to confirm the arbitrator's award of compensatory and punitive damages and Defendant withdraws its motion to the extent that it sought to vacate the arbitrator's award of compensatory and punitive damages. The parties agree that the only issue remaining to be resolved in this action is confirmation or vacatur of the attorney's fees portion of the arbitrator's award.

1

object to the scope of the Arbitrator's power to decide the dispute and participated in the arbitration. Defendant cannot now challenge the authority of the Arbitrator to act because the decision is adverse. "Although, arbitration is supposed to be a procedure through which a dispute can be resolved privately, with the narrowest of exceptions for court intervention, losers sometimes cannot resist the urge to try for a second bite at the apple." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013). The motion is thus without basis and should be summarily denied.

**PROCEDURAL BACKGROUND AND AGREEMENT TO ARBITRATE**

These facts are not in dispute: Plaintiff commenced this action by filing a complaint against Defendant PHH Mortgage Corporation ("PHH") in this Court on December 24, 2020 [D.E. 1]. That complaint detailed a dispute between Kim Albeck ("Albeck") and PHH arising out of the servicing of a home mortgage. Albeck asserted, *inter alia*, a claim that PHH violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.* ("ICFA"), and she sought a judgment against PHH for compensatory and punitive damages, and an award of prevailing party attorney's fees and costs. [D.E.1, pp.42-46]. Subsequently, the parties entered into an agreement to arbitrate this dispute and filed a joint motion to stay the case pending arbitration [D.E. 33]. The parties proceeded with arbitration before the Hon. Susan Zwick (Ret.) (the "Arbitrator") on February 21, 2022. Following a five-day hearing, the Arbitrator issued an interim award on May 20, 2022 (D.E.. 51-3 at 31-54) and a final award (the "Award") on September 29, 2022 (D.E.. 51-2). The Award found in Plaintiff's favor as to her ICFA claims and rejected her remaining allegations (D.E. 51-2 at 7).

PHH's description of the parties' agreement to arbitrate is correct only as far as it goes. The Agreement for Arbitration of Disputes (the "Agreement") recites that the arbitration would be

administered by the American Arbitration Association ("AAA") pursuant to its Commercial Arbitration Rules and governed by the Federal Arbitration Act (the "FAA"). (D.E. 51-1). The parties' agreement to arbitrate was further documented in an email exchange between the parties' respective counsels which incorporated the Agreement and reiterated the parties' desire to empower the Arbitrator pursuant to the Commercial Arbitration Rules of the AAA. A copy of the email is attached hereto as **_Exhibit 1._** The applicable AAA rules are attached as **_Exhibit 2_**.

On May 13, 2021, Albeck filed with the AAA and served on PHH her demand for arbitration ("Demand") attached as **_Exhibit 3_**. Notably, the Demand specifically placed in dispute attorney's fees in the prescribed form under the heading "Other Relief Sought." Also, Albeck attached to the Demand a copy of the complaint filed in this action, which also sought an award of prevailing party attorney's fees pursuant to ICFA. The parties' specific incorporation of the AAA Commercial Rules into their agreement to arbitrate was also reflected in the Report of Preliminary Arbitration Teleconference and Case Management Order No. 1 (D.E. 51-3). PHH had the opportunity to file an answering statement within 14 days of Albeck's Demand, but PHH chose not to do so and was deemed to deny the claim made in the Demand. See, AAA Rule 5(a).

PHH fails to inform the Court that it made the very same argument it makes here in a motion to modify that it filed following the Arbitrator's Interim Award (**_Exhibit 4_**). **_Exhibit 5_** is Albeck's response. **_Exhibit 6_** is the reply filed by PHH. The Arbitrator's order denying the motion to modify is **_Exhibit 7_**. PHH also filed a response to the attorney's fee petition attached as **_Exhibit 8_**. *Exhibits 4, 6, and 8* show PHH had three post-hearing opportunities to make its case to the Arbitrator; PHH's arguments were fully developed; the Arbitrator considered the arguments made on the merits; and the Arbitrator ruled against PHH on the merits.

PHH voluntarily litigated the question of attorney's fees on the merits in the arbitration and would have assuredly accepted a winning ruling from the Arbitrator on this question. Only because PHH lost in Arbitration does it come to this Court for a second bite of the apple. At no time did PHH object to the Demand seeking attorney's fees. Only after learning that it would lose on the merits did PHH make its argument that the Arbitrator had exceeded the scope of her powers. The Arbitrator considered PHH's arguments and then ruled against PHH on the merits. The parties agreed to arbitrate and further agreed that the Arbitrator had the power to determine the scope of the matters to be arbitrated. Having lost, PHH now invites this Court to engage in an *ultra vires* review of Arbitrator's factual and legal finding. That invitation must be declined.

## APPLICABLE STANDARDS

The Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA") provides the sole means for vacating an arbitral award. *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008). An arbitral award must be confirmed unless it is vacated, modified, or corrected, 9 U.S.C. § 9, and may be vacated in only four circumstances, set out in 9 U.S.C. § 10(a)(1)-(4). While there are four grounds in Section 10, PHH proceeds under only the first prong of one of them: "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a). "Judicial review of arbitration awards is tightly limited. Confirmation is usually routine or summary, and a court will set aside an arbitration award only in very unusual circumstances." *Bartlit Beck LLP v. Okada,* 25 F.4th 519, 522 (7th Cir. 2022). District courts are not permitted to "engage[] in judicial review of arbitration awards under the Federal Arbitration Act. . . ." *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 269 (7th Cir. 2006) (citing *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir.1994)). Under the FAA, "errors in the arbitrator's interpretation of the law or findings of fact do not merit reversal. . . ." *Flexible Mfg. Sys. Pty. Ltd.*

*v Super Products Corp.*, 86 F.3d 96, 100 (7th Cir. 1996) (quoting *Gingiss Int'l, Inc. v Bormet*, 58 F.3d 328, 333 (7th Cir. 1995)).

A party seeking relief under this provision "bears a heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (an arbitral decision even arguably construing or applying the contract must stand; it is not enough to show error, even serious error, and a court may overturn the decision only if the arbitrator acted outside the scope of his contractually delegated authority); *see also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008) ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award."); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) ("It is tempting to think that courts are engaged in judicial review of arbitration awards under the [FAA], but they are not. . . . [I]n the typical arbitration . . . the issue for the court is not whether the contract interpretation is incorrect or even wacky but whether the arbitrators had failed to interpret the contract at all . . . .") (citations omitted).

## ARGUMENT

Under these standards, the Award at issue here must be confirmed. The parties' agreement to engage in arbitration under the commercial rules means the Arbitrator had the power to interpret the arbitrability of prevailing party attorney's fees. The parties submitted the dispute to the Arbitrator for ruling on the merits, each party participated in the arbitration without objecting to the scope of the matters in dispute, and her decision to award fees comports with a reasoned analysis of the agreement to arbitrate, applicable rules, and state substantive law. Confirmation of the Final Award is required pursuant to the FAA.

**A.      The Arbitrator Properly Determined She Had the Power to Award Prevailing Party Attorney's Fees.**

"[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., West, Inc. v. Jackson,* 561 U.S. 63, 68-69 (2010). Where the parties to an arbitration agreement "clearly and unmistakably" agree that an arbitrator will decide gateway issues, the arbitrator, rather than the Court, will decide those issues. *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986). "Such [c]lear and unmistakable evidence of agreement to arbitrate arbitrability might include ... a course of conduct demonstrating assent ... or ... an express agreement to do so." *Momot v. Mastro,* 652 F.3d 982, 988 (9th Cir. 2011) (citations and internal quotation marks omitted). "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract" and "possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 528-29 (2019; *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995).

When parties agree in a valid arbitration agreement that the AAA rules apply, an arbitrator has jurisdiction to decide the scope of arbitrability. *In re Dealer Mgmt. Sys. Antitrust Litig.,* 2020 WL 832365, *5 (N.D. Ill. 2020) (delegation clause incorporating the AAA Rules "constitutes clear and unmistakable evidence that the parties intended the question of arbitrability to be decided by an arbitrator" (quotations omitted)); *Bayer CropScience, Inc. v. Limagrain Genetics Corp., Inc.,* 2004 WL 2931284, *4 (N.D. Ill. 2004) ("The inclusion of the phrase `the arbitration shall be conducted . . . in accordance with the prevailing commercial arbitration rules of the American Arbitration Association' in the arbitration provision of the Agreement is clear and unmistakable evidence that the issue of arbitrability is to be submitted to the arbitrator."); *see also Yellow Cab Affiliation, Inc. v. N.H. Ins. Co.,* 2011 WL 307617, *4 (N.D. Ill. 2011) (arbitrability is a decision for the arbitrator when the parties mention the commercial rules of the AAA). This remains "true

even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein,* 139 S. Ct. at 529. That is also the prevailing view in this district.[2]

AAA Rule 7(a) provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction." AAA Rule 8 provides "The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties." Thus, by incorporating the AAA rules into the agreement to arbitrate, PHH ceded the question of the Arbitrator's powers to the Arbitrator and the Arbitrator exercised her powers to interpret and apply the AAA rules after consideration on the merits.

Who decides the scope of the matters to arbitrated matters because *de novo* review is not proper where the arbitrability question has been delegated to the arbitrator. "Factual or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards." *Gingiss Int'l, Inc. v. Bormet,* 58 F.3d 328, 333 (7th Cir. 1995) (internal citations omitted); see also *Johnson Controls, Inc. v. Edman Controls, Inc.,* 712 F.3d at 1025 (refusing to overturn an award even if the "arbitrator committed serious error, or the decision is incorrect or even whacky") (internal citation omitted); See *Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 563 (7th Cir. 2008) ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award."). Indeed, "manifest disregard of the law is not a ground on which a court may reject an arbitrator's award" unless it orders parties to do something that they could not otherwise do legally (e.g., form a cartel to fix prices). *Affymax, Inc. v. Ortho-McNeil-Janssen Pharm., Inc.,* 660 F.3d

---

[2] Courts within the Northern District of Illinois have routinely concluded that "when parties agree in a valid arbitration agreement that the [AAA] rules apply, an arbitrator should decide the scope of arbitrability." *20/20 Foresight, Inc. v. McGuffin,* 20 C 6915, 2021 WL 619718, at *3 (N.D. Ill. Feb. 17, 2021); see also *Ali v. Vehi-Ship, LLC,* 17 CV 02688, 2017 WL 5890876, at *3–4 (N.D. Ill. Nov. 27, 2017) (where Commercial Arbitration Rules of the AAA were incorporated by reference into the arbitration agreement, the court concluded that "the parties intended to arbitrate gateway arbitrability issues").

281, 285 (7th Cir. 2011); *George Watts & Son, Inc. v. Tiffany & Co.,* 248 F.3d 577, 580 (7th Cir. 2001).

Thus, PHH's argument that the Arbitrator got the law wrong on the merits is irrelevant. This Court cannot conduct a *de novo* review of that determination. *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ("Did the parties agree to submit the arbitrability question itself to arbitration? If so, then the court's standard for reviewing the arbitrator's decision about *that* matter should not differ from the standard courts apply when they review any other matter that parties have agreed to arbitrate."). Having established that the attorney's fees award was within the Arbitrator's power, this Court is compelled to defer to her interpretation of law and findings of fact in making the Award. *Eljer Mfg., Inc. v. Kowin Development Corp.,* 14 F. 3d 1250, 1257 (7th Cir. 1994) ("We emphasize yet again that on factual and legal questions falling within the arbitrator's authority, we defer to his decision.").

PHH relies upon the normal presumption that the scope of arbitration is a decision for the reviewing court to make, but this is only true in cases where the arbitrability question was not delegated to the arbitrator. Authorities cited by PHH which involve arbitration agreements that did not incorporate AAA rules or otherwise delegate the question of arbitrability to the arbitrator offer no support for PHH's position. The comparison is apples to oranges. *See, e.g. Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. U.,* 489 US 468, 487 (1989) ("Where the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward."); *Anheuser-Busch, Inc. v. Beer Workers Local Union* 744, 280 F.3d 1133, 1135 (7th Cir. 2002) (holding arbitrator exceeded his authority where he disregarded language in the arbitration agreement providing it was the only

source of the parties' agreement and expressly provided the arbitrator had "no authority to add to, subtract from, modify or change" the agreement); *Tootsie Roll Indus., Inc. v. Loc. Union No. 1, Bakery, Confectionery & Tobacco Workers' Int'l Union*, 832 F.2d 81, 84 (7th Cir. 1987) (upholding vacatur of arbitration award where arbitrator evaluated a grievance based on factors extrinsic to the collective bargaining agreement in order to find in the union's favor on a matter that should not have been submitted to arbitration because it was not arbitrable according the agreement).

It should also be noted that the Arbitration Agreement itself was not silent on exceptions from arbitrability and actually carved out several issues that could not be considered disputes covered by the Agreement in a paragraph entitled "Exceptions." D.E. 51-1. None of the enumerated exceptions touch on the Arbitrator's power to award prevailing attorney's fees under the ICFA, or shift arbitrability of that remedy from the Arbitrator to the Court. Because the parties here agreed to delegate that authority to the Arbitrator, the decisions relied upon by PHH in its cross motion have no precedential value.

**B.      PHH Waived Any Objection As to the Scope of the Arbitration.**

Albeck's Demand for arbitration and the complaint attached to it placed the issue of prevailing party attorney's fees squarely before the Arbitrator. PHH chose not to file an answering statement pursuant to AAA Rule 5 and did not seek a ruling that arbitration of the prevailing party fees was an issue beyond the scope of the Arbitrator's powers. PHH did not ask the Arbitrator to file a dispositive motion on the issue as was its right to do under AAA Rule 33. When PHH did not make a written objection to the arbitrability of attorney's fees at the outset of the arbitration, it waived its ability to later make any argument that the Arbitrator exceeded her powers by awarding fees. As established above, the Arbitrator had plenary authority to decide her own jurisdiction over

the claims to be arbitrated. By its conduct, PHH further conferred jurisdiction on the Arbitrator to decide the issue.

The AAA Rules are dispositive on the issue of waiver. Rule 7(c) states "A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." AAA Rule 41 states: "Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object."

Here, PHH proceeded with the arbitration despite its knowledge that the Demand and the attached complaint made abundantly clear Albeck sought an award of prevailing party attorney's fees. PHH did not raise any objection in writing until after the arbitration hearing had concluded and the Arbitrator had issued her Interim Award. PHH waived that argument and is barred by AAA rules from raising it here. See e.g. *Health Services Management Corp. v. Hughes*, 975 F. 2d 1253, 1261-63 (7th Cir. 1992) citing *Gibbons v. United Transp. Union,* 462 F.Supp. 838, 842 (N.D. Ill. 1978) (Defects in proceedings prior to or during arbitration may be waived if a party acquiesces to arbitration with knowledge of defect); *Davis v. Producers Agr. Ins. Co.*, 762 F. 3d 1276, 1287 (11th Cir. 2014); *Ficek v. Southern Pacific Co.,* 338 F.2d 655, 657 (9th Cir. 1964) ("A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act.").

## C. The Arbitrator Reached the Correct Decision on the Merits.

PHH has put before the Court arguments the Arbitrator has already rejected on the merits. In *Exhibits 4-8* hereto, PHH made its motion to modify containing these arguments, Albeck responded, PHH replied and the Arbitrator denied PHH's motion. PHH then opposed the motion

for attorney's fees repeating many of the arguments raised in *Exhibits 4 and 6*, and herein. In *Exhibit 4*, PHH's motion to modify the Interim Award, PHH cited the language of the arbitration agreement at issue here and argued: "Arbitration agreements that prohibit fee shifting under ICFA are enforceable under these circumstances where there is no issue with the formation of the contract. *Morgan v. Bill Kay Chrysler Plymouth*, 2002 WL 31133102, *3 (N.D. Ill. July 17, 2002) (Gottschall, J.) (enforcing arbitration agreement prohibiting fee-shifting under ICFA notwithstanding 815 ILCS 505 §10a(c))." *Exhibit 4, p. 7*. In response, Albeck pointed to the Demand which clearly sought prevailing party attorney's fees and the complaint initiating this action which was attached to the Demand. *Exhibit 5, pp 4-5*. Albeck also pointed out that her closing argument specifically asked for an award of attorney's fees, and that argument was not countered by PHH in its post-hearing closing argument. *Id*. at 5. Albeck also argued that the inclusion of the AAA rules into the parties' agreement conferred upon the Arbitrator the jurisdiction to interpret the arbitrability of the dispute. *Id*. at p. 6. Finally, Albeck cited authorities holding that agreements requiring each party to bear their own attorney fees and costs, regardless of which party prevails, conflict with the legislative intent underlying the Federal Arbitration Act and the Illinois Consumer Fraud Act. *Id*. at pp. 8-9. These pleadings make clear that the parties fully developed and presented their merits arguments on the dispute to the Arbitrator.

By order entered June 7, 2022, the Arbitrator denied PHH's motion to modify the Interim award, stating:

> I THE UNDERSIGNED ARBITRATOR having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated April 13, 2004 and having been duly sworn, and ***having duly heard the proofs and allegations of the Parties***, and having previously rendered an Interim Award dated May 20, 2022:
>
> RESPONDENT having filed an application for MODIFICATION dated May 31, 2022, and CLAIMANT having responded by letter dated June 4, 2022, and

> RESPONDENT, having filed a Reply on June 6, 2022;
>
> ***Upon review of the above-stated filings***, hereby, DENY, the application.
>
> In all other respects the Interim Award dated May 20, 2022, is reaffirmed and remains in full force and effect.

*See Exhibit 7* (Emphasis added). PHH argues in its present motion that the Arbitrator only addressed the issue of attorney's fees in a footnote in the Award. That is not correct. As the referenced order made clear, the Arbitrator first addressed the arguments in her June 7, 2022 order which she entered after "***having duly heard the proofs and allegations of the Parties" and "[u]pon review of the above-stated filings.***" The Arbitrator was not obligated to expound upon her decision in a lengthy written opinion. *Eljer Mfg., Inc. v. Kowin Development Corp.*, 14 F. 3d 1250, 1254 (7th Cir. 1994)("[A]n arbitrator is simply not required to state the reasons for his decision."); *Chi. Typographical Union No. 16 v. Chi. Sun-Times, Inc.*, 935 F.2d 1501, 1506 (7th Cir. 1991) ("Arbitrators are not required to write opinions, any more than juries are."); *Anderson v. Golf Mill Ford, Inc.*, 890 N.E.2d 1023, 1028 (Ill. App. Ct. 2008) ("Arbitrators have no obligation to explain their decisions in writing"). That principle is now set forth in AAA Rule 46(b). At no time did the parties request a reasoned award. *Holden v. Deloitte and Touche LLP*, 390 F. Supp. 2d 752, 780 (N.D. Ill. 2005) ("[F]ailure to provide a reasoned award cannot form the basis for finding that the Arbitrator exceeded his powers. Indeed, it is very strange to assert that an arbitrator has exceeded his powers by not doing enough.").

This Court must presume that the Arbitrator analyzed two conflicting interpretations of the arbitration agreement and made a reasoned decision as to why she had the power to award prevailing party attorney's fees. A contract can also be ambiguous when one provision limits relief that may be sought, while another references the rules of the arbitration service provider which do not limit the relief granted. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.

Ct. 1212, 131 L. Ed. 2d 76 (1995). The Award adopted the Interim Award and with respect to prevailing party attorney's fees the Arbitrator emphasized this point in a footnote:

> Respondent has objected to the attorney's fees, arguing that the wording of the arbitration agreement adopted in this case limits an award of attorney's fees. An award of attorney's fees, under the Illinois Consumer Fraud Act, has been determined as a substantive statutory remedy which cannot be modified or waived. 815 ILCS 505/10(c); *Bain v. Airoom, LLC*, 2022 Ill. App. (1st) 211001; see also *Father & Son, Inc., v. Taylor*, 301 Ill. App. 3d 448 (1998).

PHH cites this reference as the Arbitrator having not fully addressed the arguments made on the issue by both parties. But this ignores the import of the Arbitrator's June 7, 2022 order where she ruled against PHH on the issue "*having duly heard the proofs and allegations of the Parties*" and "*[u]pon review of the above-stated filings.*" D.E. 51-3, p. 836. Nothing in the parties agreement, the FAA or the AAA Rules required her to say more.

The Arbitrator considered the arguments advanced by PHH and also the opposing arguments and authorities presented by Albeck. She then decided the issue against PHH on the merits. Her rulings are proper and legally supportable by the record. As now, PHH challenged the Arbitrator's power to award prevailing party attorney's fees based upon a single sentence from part of the parties' agreement to arbitrate. That provision states in part "[E]ach party, you and we, shall bear its own costs and expenses, including attorneys' fees, that party incurs with respect to the arbitration...." PHH takes a myopic view of this provision and fails to consider other provisions of the parties' agreement and applicable rules which, when fully considered, form a solid foundation for the Arbitrator's ultimate decision to look past these words as no restriction upon her power to award prevailing party attorney's fees. PHH then as now ignores this passage from the same agreement: "The arbitrator shall have the authority to award any remedy or relief that a court in the State could order or grant." ICFA specifically authorizes the award of prevailing party attorney's fees. 815 ILCS 505/10a. AAA Rule 47(d) sets forth the scope of an arbitrator's award,

stating "The award of the arbitrator(s) may include: i. interest at such rate and from such date as the arbitrator(s) may deem appropriate; and ii. **an award of attorneys' fees** if all parties have requested such an award or **it is authorized by law** or their arbitration agreement." The arbitration agreement also contained a severability clause allowing unenforceable provisions to be excised.

Read in *pari materia*, the provisions of the arbitration agreement, incorporated AAA rules, the FAA and ICFA's attorney's fee provision, provide more than ample authority to support a conclusion of contract ambiguity, thus allowing the Arbitrator to interpret the contract in the harmonizing manner that she did. She plausibly read the severability clause, considered the policy implications and determined she could properly sever the offensive provision to achieve the intended purposes underlying ICFA. The AAA rules gave her that interpretive power.

In her Award, the Arbitrator noted that Illinois law provides that she may interpret a contractual provision which runs counter to the public policy of Illinois by giving the decision maker the discretion to award attorney's fees to a party that successfully proves an ICFA claim. To the extent that the two provisions of the parties' agreement created ambiguity, the Arbitrator properly construed those ambiguities in favor of arbitration and resolution of the dispute put to her. The Arbitrator plausibly determined that a contrary reading of the contract would "deprive the consumer of substantive remedies that should be available for full redress of her claims." *Bain v. Airoom, LLC*, 2022 Ill. App. (1st) 211001, ¶ 54. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U. S. 1, 24-25 (1983). The fact that the arbitration agreement here was post-dispute is entirely irrelevant -- the agreement to arbitrate is a contract like any other and

is subject to the normal rules of construction. *Volt Information Sciences, Inc.* v. *Board of Trustees of Leland Stanford Junior Univ.*, 489 U. S. 468, 478 (1989). The parties bargained for the Arbitrator's decision on both the scope and merits of the dispute submitted. PHH cannot now complain that it got what it paid for simply because the end product is a bit distasteful.

## CONCLUSION

Plaintiff respectfully requests that the Court enter an order lifting the stay, confirm the Award in arbitration, and enter a judgment in favor of Plaintiff, Kim Albeck and against Defendant, PHH Mortgage Corporation, for: 1) Prevailing party attorney fees in the amount of $582,762.20; 2) Post-award interest on that amount at the rate of nine (9) percent from September 29, 2022 until judgment satisfaction; 3) Attorney's fees incurred in opposition to the Defendant's motion to vacate; and 4) Such other and further relief the Court deems just and proper.

Dated: December 15, 2022

*Respectfully submitted*,

**KIM ALBECK**

*/s/ Nick Wooten*
Nick Wooten
Attorney at Law
Head of Consumer Litigation
DC LAW, PLLC
1012 W Anderson Ln
Austin, Texas 78757
(512) 220-1800
nick@texasjustice.com

Adam J. Feuer
CHICAGOLAND CONSUMER ADVOCATES, LLC
2846A North Milwaukee Avenue
Chicago, Illinois 60618
(773) 945-9880
afeuer@cca-firm.com

Rusty A. Payton
PAYTON LEGAL GROUP, LLC
20 North Clark Street, Suite 3300

Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

*Counsel for Plaintiff Kim Albeck*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO LIFT THE STAY, CONFIRM ARBITRATION FINAL AWARD AND ENTER JUDGMENT INCLUDING POST-AWARD, PRE-JUDGMENT INTEREST [D.E. 51] AND RESPONSE IN OPPOSITION TO DEFENDANT'S CROSS-MOTION TO VACATE ARBITRATION AWARD [D.E. 60]** was served via the Court's Electronic Filing System on all parties and counsel of record on the following date.

Date: December 15, 2022                    By: _/s/ Nick Wooten_